*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEVIN TYUS,

Plaintiff-Appellee,

v

MAREME M. AL-ESAWI,

Defendant-Appellant.

UNPUBLISHED
May 19, 2025
10:07 AM

No. 371989
Oakland Circuit Court
Family Division
LC No. 2023-523087-DC

Before: GADOLA, C.J., and MURRAY and REDFORD, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's judgment awarding defendant and plaintiff joint legal custody of the parties' child. We vacate the trial court's judgment and remand to the trial court for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

The parties have one child together, DJT. Plaintiff initiated this action by filing a complaint for custody, in which he requested, in relevant part, joint legal custody of DJT. Defendant answered plaintiff's complaint and filed a counterclaim in which she requested that she be awarded sole legal custody of DJT. The trial court conducted a bench trial regarding plaintiff's complaint and defendant's counterclaim for custody. Plaintiff, defendant, and defendant's sister testified at trial. Both defendant and plaintiff testified regarding the history of domestic violence in their relationship, which history culminated in a no-contact order and a personal protection order (PPO) against plaintiff that prohibited communication between the parties.

Following the trial, the trial court entered a combined judgment and opinion and order regarding, in relevant part, legal custody of DJT. At the outset of its legal analysis, the trial court concluded that an established custodial environment existed only with defendant. The trial court then considered the best-interest factors set forth in MCL 722.23 and concluded that, despite the history of domestic violence between the parties, joint legal custody was appropriate. Accordingly, the trial court ordered the parties to share joint legal custody of DJT and communicate with one another through Our Family Wizard.

-1-

## II. ANALYSIS

Defendant argues the trial court erred by failing to (1) determine whether awarding joint legal custody would modify DJT's established custodial environment with defendant and (2) analyze whether clear and convincing evidence justified altering DJT's established custodial environment.

"All custody orders must be affirmed on appeal unless the trial court committed a palpable abuse of discretion, made findings against the great weight of the evidence, or made a clear legal error." *Bofysil v Bofysil*, 332 Mich App 232, 242; 956 NW2d 544 (2020) (quotation marks and citation omitted). "This Court will not interfere with the trial court's factual findings unless the facts clearly preponderate in the opposite direction." *Brown v Brown*, 332 Mich App 1, 8; 955 NW2d 515 (2020) (quotation marks and citation omitted). "[T]he abuse of discretion standard applies to the trial court's discretionary rulings such as custody decisions." *Bofysil*, 332 Mich App at 242 (quotation marks and citation omitted). "In child custody cases specifically, an abuse of discretion retains the historic standard under which the trial court's decision must be palpably and grossly violative of fact and logic." *Brown*, 332 Mich App at 8 (quotation marks and citation omitted). "Finally, this Court reviews questions of law for clear legal error." *Bofysil*, 332 Mich App at 242. "A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law." *Id*. (quotation marks and citation omitted).

The Child Custody Act, MCL 722.21 *et seq*., "provides a comprehensive scheme for resolving child-custody disputes, including specific procedural requirements and factual findings under MCL 722.27(1)(c) that must be made before a trial court may modify a child's established custodial environment." *Kuebler v Kuebler*, 346 Mich App 633, 667-668; 13 NW3d 339 (2023) (citations omitted). "The Legislature adopted MCL 722.27 to minimize the prospect of unwarranted and disruptive change of custody orders and to erect a barrier against removal of a child from an established custodial environment, except in the most compelling cases." *Sabatine v Sabatine*, 513 Mich 276, 285-286; 15 NW3d 204 (2024) (quotation marks and citation omitted).

"[T]he Child Custody Act draws a distinction between physical custody and legal custody: Physical custody pertains to where the child shall physically reside, whereas legal custody is understood to mean decision-making authority as to important decisions affecting the child's welfare." *Varran v Granneman (On Remand)*, 312 Mich App 591, 604; 880 NW2d 242 (2015) (quotation marks and citation omitted). "The standards for changing custody apply equally to physical and legal custody of the children." *Kuebler*, 346 Mich App at 668. This appeal involves legal custody.

The Supreme Court has "summarized the approach a trial court must follow when making a decision that could modify an established custodial environment" as follows:

> When considering an important decision affecting the welfare of the child, the trial court must first determine whether the proposed change would modify the established custodial environment of that child. . . . If the proposed change would modify the established custodial environment of the child, then the burden is on the parent proposing the change to establish, by clear and convincing evidence, that the change is in the child's best interests. Under such circumstances, the trial court

-2-

must consider all the best-interest factors because a case in which the proposed change would modify the custodial environment is essentially a change-of-custody case. On the other hand, if the proposed change would *not* modify the established custodial environment of the child, the burden is on the parent proposing the change to establish, by a preponderance of the evidence, that the change is in the child's best interests. [*Sabatine*, 513 Mich at 286 (quotation marks and citation omitted).]

This framework applies to new orders of a trial court that change a child's established custodial environment. See MCL 722.27(1)(c) ("The court shall not modify or amend its previous judgments or orders *or issue a new order* so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child.") (emphasis added). A change in legal custody may constitute a change in an established custodial environment. See *Kuebler*, 346 Mich App at 679-680 (stating that proposed changes to legal custody and parenting time "had the effect of altering custody . . .").

Here, the trial court found that an established custodial environment existed only with defendant. After making those findings, the trial court was required to determine whether, in relevant part, plaintiff's request for joint legal custody would change the established custodial environment. *Sabatine*, 513 Mich at 286. The trial court made no such determination. Additionally, the trial court did not identify the standard of proof it applied when analyzing the best-interest factors and making its custody determination. The trial court's failure to address whether awarding joint legal custody would change the established custodial environment constituted a clear legal error, as did the trial court's failure to specify what standard of proof it applied to its best-interests determination. Accordingly, we vacate the trial court's judgment and remand with instructions for the trial court to determine whether awarding joint legal custody would change the established custodial environment. If the trial court finds that awarding joint legal custody would change the established custodial environment, then the trial court may award joint legal custody only if it finds that plaintiff established by clear and convincing evidence that it is in DJT's best interests for the trial court to do so. *Id*.; MCL 722.27(1)(c). On remand, the trial court must consider up-to-date information in connection with its custody determination. *Bofysil*, 332 Mich App at 250.

Given our resolution of the issue above, we decline to address the second issue raised on appeal.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ James Robert Redford

-3-